**Gregory Kafoury, OSB #741663**
Kafoury@kafourymcdougal.com
**Mark McDougal, OSB #890869**
mcdougal@kafourymcdougal.com
KAFOURY & MCDOUGAL
411 SW Second Avenue, Suite 200
Portland, Oregon 97204
Phone: 503-224-2647
Fax: 503-224-2673

Attorneys for Plaintiff ALVIN EUGENE GAMBLE-EL

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| ALVIN EUGENE GAMBLE-EL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**FEDERAL TORT CLAIMS ACT**<br>(Medical Negligence)<br><br>**28 U.S.C. § 2671, ET SEQ., and 28 U.S.C. § 1346(b)(1)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff Alvin Eugene Gamble-El, for his Complaint against Defendant United States of America, states as follows:

**INTRODUCTION**

1.

This is an action against the United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq., and 28 U.S.C. § 1346(b)(1)) for damages resulting from

Page 1 -- COMPLAINT

negligence/professional malpractice in medical care provided to Plaintiff Alvin Eugene Gamble-el by the United States of America, Department of Veteran Affairs, at the Portland VA Medical Center.

2.

Plaintiff Alvin Eugene Gamble-El complied with 28 U.S.C. § 2675 by submitting his claim to the U.S. Department of Veterans Affairs on December 31, 2013, which was within two years of the negligent acts or omission which caused his harm. The U.S. Department of Veterans Affairs received the claim on December 31, 2013. We interpret the failure of the U.S. Department of Veterans Affairs to fairly settle this claim within six months as a denial of Plaintiff's claim. *28 U.S.C. § 2675. See* Standard Form 95, attached as Exhibit 1.

3.

Plaintiff Alvin Eugene Gamble-El is a citizen of the State of Oregon and resident of Multnomah County. The negligent acts and omissions complained of occurred within this Judicial District.

## PARTIES

4.

In 1979 Plaintiff Alvin Eugene Gamble-El served in the Army National Guard. He was stationed at Ft. Lee Virginia from 1979 to 1982. In 1982, he was honorably discharged, but remained on active duty (weekends) through 1983. The Veterans Administration has recognized that Plaintiff Alvin Eugene Gamble-El is disabled with, among other diagnoses, Post Traumatic Stress Disorder and depression, resulting from his service in the Army National Guard.

5.

Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Portland VA Medical Center, located at 3710 SW US Veteran Hospital Road, Portland, OR 97239 to provide medical care for veterans. The Center employs physicians licensed to practice medicine in the State of Oregon, specializing in internal medicine, radiology, gastroenterology, surgery, infectious diseases, critical care, and management of hospital patients, and licensed nurses, technicians, social workers, aides and others to assist in providing medical

care for veterans, all of whom are responsible for or who provided care for Plaintiff Alvin Eugene Gamble-El were employees of the United States of America through the Department of Veterans Affairs, and were acting within the course and scope of their employment. In this Complaint, all are collectively referred to as "Portland VA Medical Center."

## FACTUAL ALLEGATIONS

6.

Prior to August 19, 2011, Plaintiff Alvin Eugene Gamble-El developed Crohn's Disease, an inflammation of the intestines that can lead to infection and bowel disease. In approximately December 2012, his symptoms of Crohn's Disease increased to include abdominal pain, nausea and vomiting, back pain related to Crohn's Colitis, diarrhea, blood in the stool, a significant 65.4 pound weight loss between September 7, 2011 and January 7, 2013, and repeated episodes of suicidal ideation related to the pain and the disease.

7.

On December 29, 2012, Plaintiff Alvin Eugene Gamble-El presented to the emergency department at the Portland VA Medical Center and had a colonoscopy on January 5, 2013. Biopsies taken from the colonoscopy were positive for inflammatory bowel disease with active ulceration (consistent with Crohn's Disease). On January 9, 2013 was found to have a perforated sigmoid colon, requiring immediate resection surgery to save his life. Several inches of his diseased and perforated colon were removed along with the removal of septic leakage from bowel contents from his abdomen. A temporary colostomy was established to protect the operative site until it healed. A colostomy is an opening of a portion of the colon through the abdominal wall in which a tube is inserted to divert fecal flow from the colon into a pouch worn by the patient.

8.

Plaintiff Alvin Eugene Gamble-El was required to use the pouch until the surgical repair was healed. It is anticipated that within the next several months physicians will schedule a reversal of the colostomy and reconnect his bowel, and remove the pouch.

9.

The Portland VA Medical Center failed to perform radiograph examinations or provide the Plaintiff Alvin Eugene Gamble-El with the proper medications during August 2011 and December, 2012, which lead to the life-threatening perforation of his bowel, and the surgical removal of several inches of bowel, and insertion of a colostomy pouch.

10.

Plaintiff Alvin Eugene Gamble-El continues under the care of physicians, and still requires at least one further surgery, colostomy take-down, which is a consequence of the delay in treatment, improper surveillance of Crohn's Disease, and perforation of bowel described above.

11.

The Plaintiff Alvin Eugene Gamble-El has been required to incur medical expenses since his admission to the Portland VA Medical Center. There will also be expenses for future medical care.

## FIRST CLAIM FOR RELIEF
## MEDICAL NEGLIGENCE

12.

Plaintiff Alvin Eugene Gamble-El repeats and realleges paragraphs 1-11 herein.

13.

Defendant, through the Portland VA Medical Center, its physicians, specialists, nurses, and medical staff, had the duty to use the degree of care, skill, and diligence used by ordinarily careful physicians, specialists, nurses and staff practicing in their respective fields. A failure to meet the respective degree of care is negligence.

14.

Defendant Portland VA Medical Center was negligent in failing to meet its duty of care to Plaintiff Alvin Eugene Gamble-El in one or more of the following acts or omissions:

  a. In failing to follow guidelines and escalate medical treatment in the management of Crohn's Disease;

  b. In failing to manage the Plaintiff's pain, malnutrition and weight loss;

  c. In failing to schedule timely radiology studies of the abdomen when plaintiff's symptoms increased;

  d. In allowing the Plaintiff's Crohn's develop into a severe disease;

  e. In failing to refer Plaintiff for a timely surgical consultation;

  f. In perforating his bowel during a colonoscopy on January 5, 2013;

  g. In failing to identify and repair the bowel perforation until January 9, 2013.

15.

As a result of one or more of the foregoing negligent acts or omissions, Plaintiff Alvin Eugene Gamble-El suffered extreme weight loss, nausea, vomiting, abdominal pain, perforated bowel – a near death experience. The infection extended throughout his abdominal area causing loss of function of his intestines and bowels, requiring him to undergo emergency surgical procedures, causing him many months of great pain, denying him the opportunity to engage in his usual and regular activities, and causing depression, fear, sleep deprivation, humiliation, and physical and emotional exhaustion. He became socially isolated, unable to participate in many opportunities, activities, and forms of recreation. His preexisting Post Traumatic Stress Disorder, resulting from his service, was aggravated and worsened, and he continues to suffer more depression and fear of the future.

16.

When Defendant undertook to provide care for Plaintiff Alvin Eugene Gamble-El, it was foreseeable that if Defendant was negligent, failed to meet the standard of care required, in those circumstances, the Plaintiff would suffer serious harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alvin Eugene Gamble-El respectfully prays for judgment to be entered against Defendant granting:

1. Economic damages in an amount to be determined by the jury;
2. Noneconomic damages in an amount to be determined by a jury; and
3. Costs and expenses incurred herein.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a Jury Trial on all questions so triable.

DATED: November 4, 2014

*Mark McDougal*
Gregory Kafoury, OSB #741663
Kafoury@kafourymcdougal.com
Mark McDougal, OSB #890869
mcdougal@kafourymcdougal.com
Kafoury & McDougal
411 SW Second Avenue, Ste. 200
Portland, Oregon 97204
Phone: 503-224-2647
Fax:  503-224-2673

Fran 971-200-6975         DEC 31 2013

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**
Alvin E. Gamble EL.
13130 S.E. Powell Blv, #8
Portland OR. 97236

**3. TYPE OF EMPLOYMENT** [X] MILITARY [ ] CIVILIAN
**4. DATE OF BIRTH** 8/11/1960
**5. MARITAL STATUS**
**6. DATE AND DAY OF ACCIDENT**
**7. TIME (A.M. or P.M.)**

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Dr. Collins, Primary Care Provider was Negligant in my care. which Resulted in haveing Emergency Surgery which could have Ended my Life, I believe the Surgery culd have been prevented had he listened to my concerns about health, on the Day of Surgery. I was told that Dr Sparks was called over from @ HSU to save my Life, with no further Information.

**9. PROPERTY DAMAGE**
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

**10. PERSONAL INJURY/WRONGFUL DEATH**
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
1 Surgery 3 and After care 2 Hential, Anxiety 3. Fincial loss 4. Lack of trust for VA provider Financial

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

**12. (See instructions on reverse)   AMOUNT OF CLAIM (In dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | 20 Million | | 10 Million   0.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Alvin E. Gamble El | 503-847-3419 | 12/31/13 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109    NSN 7540-00-634-4046
Previous editions not usable.

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Ex. 1